IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WILLIAM SCHUYLER STEMMONS,

      Defendant.

---

## INDICTMENT

Wire Fraud
18 U.S.C. § 1343
False Statements
42 U.S.C. § 408(a)(3)
Aggravated Identity Theft
18 U.S.C. § 1028A(a)(1)

---

The Grand Jury charges:

## BACKGROUND

1.      At all times relevant to this indictment, the Social Security

Administration ("SSA") was an agency of the United States government that

administered the Retirement Insurance Benefits ("RIB") program under Title II of

the Social Security Act.  The RIB program provides monthly cash payments to

individuals who are at least 62 years of age and have earned sufficient Social

Security credits to be insured under the Social Security Act.

## THE SCHEME AND ARTIFICE TO DEFRAUD

2.      From in or around March 2006 to in or around March 2010,

in the State and District of Colorado,

### WILLIAM SCHUYLER STEMMONS

defendant herein ("defendant STEMMONS"), knowingly devised and intended to

devise, a scheme and artifice to defraud SSA and to obtain money from SSA by

means of false and fraudulent pretenses, representations, and promises

(hereafter referred to as "the scheme").  In particular, defendant STEMMONS

fraudulently applied for and received SSA retirement benefits using the identity of

his father, John R. Stemmons, as set forth below.

3.      In furtherance of the scheme, in or around March 2006, defendant

STEMMONS filed an application online for SSA retirement benefits while using

the identity of his father, John R. Stemmons.  It was part of the scheme that

defendant STEMMONS falsely assumed the identity of John R. Stemmons in his

communications with SSA in an attempt to obtain SSA retirement benefits under

his father's identity by means of false and fraudulent pretenses, representations,

and promises. SSA, however, ultimately denied this online application for

retirement benefits by defendant STEMMONS under John R. Stemmons' identity

because he failed to provide proof of age and military service.

4.      In furtherance of the scheme, in or around November 2006,

defendant STEMMONS filed a second application for SSA retirement benefits via

2

telephone under the identity of his father, John R. Stemmons.  It was part of the scheme that defendant STEMMONS falsely assumed the identity of John R. Stemmons in communications with SSA in order to obtain SSA retirement benefits under his father's identity by means of false and fraudulent pretenses, representations, and promises.  It was further part of the scheme that defendant STEMMONS obtained identification documents belonging to John R. Stemmons, including his birth certificate and military service records, and subsequently provided these documents to SSA as proof in support of the retirement benefit application that he had filed under his father's identity.  SSA subsequently approved the retirement benefit application filed by defendant STEMMONS under his father's identity in or around December 2006 and thereafter began issuing monthly SSA retirement benefit payments under the name and account number of John R. Stemmons.

5.      In furtherance of the scheme, in or around November 2006, defendant STEMMONS opened a USAA bank account under the identity of his father, John R. Stemmons, with a bank account number ending in 6854.  It was part of the scheme that defendant STEMMONS arranged to have SSA deposit John R. Stemmons' monthly SSA retirement benefit payments into this USAA bank account that he had created under his father's identity.  It was further part of the scheme that defendant STEMMONS transferred John R. Stemmons' SSA retirement benefit payments from the USAA bank account created under his

3

father's identity into his own USAA checking account for personal use.

6.      In or around June 28, 2009, defendant STEMMONS completed a Request for Termination of Supplementary Medical Insurance form while using the identity of John R. Stemmons.  It was part of the scheme that defendant STEMMONS falsely represented himself as John R. Stemmons, provided John R. Stemmons' Social Security number, and forged John R. Stemmons' signature in order to complete the request form.  Based on defendant STEMMONS' false representations, SSA stopped withholding premiums for Part B Medicare medical insurance from John R. Stemmon's monthly SSA retirement benefit payment.

7.      On or about the dates identified in each count below, in the State and District of Colorado, defendant STEMMONS, for the purposes of executing the scheme described in paragraphs 2 through 6 above, did cause a notification of wire transfer of SSA retirement benefit payments to be transferred in interstate commerce by means of wire communications through the Automated Clearing House ("ACH") system from Federal Reserve Bank ACH processing sites outside of Colorado to a USAA bank account ending in 6854 that he had opened under the identity of John R. Stemmons, as more particularly described for each count below:

4

## COUNTS ONE THROUGH THIRTEEN

| Count | Date | Interstate Wire Transmission |
|-------|------|------------------------------|
| 1 | 05/20/2009 | Payment of $1,186.00 in SSA retirement benefits |
| 2 | 05/21/2009 | Payment of $250.00 in economic stimulus benefits |
| 3 | 06/17/2009 | Payment of $1,186.00 in SSA retirement benefits |
| 4 | 07/15/2009 | Payment of $1,186.00 in SSA retirement benefits |
| 5 | 08/03/2009 | Payment of $96.40 in SSA retirement benefits |
| 6 | 08/19/2009 | Payment of $1,186.00 in SSA retirement benefits |
| 7 | 09/16/2009 | Payment of $1,282.00 in SSA retirement benefits |
| 8 | 10/21/2009 | Payment of $1,282.00 in SSA retirement benefits |
| 9 | 11/18/2009 | Payment of $1,282.00 in SSA retirement benefits |
| 10 | 12/16/2009 | Payment of $1,282.00 in SSA retirement benefits |
| 11 | 01/20/2010 | Payment of $1,282.00 in SSA retirement benefits |
| 12 | 02/17/2010 | Payment of $1,282.00 in SSA retirement benefits |
| 13 | 03/17/2010 | Payment of $1,282.00 in SSA retirement benefits |

All in violation of 18 U.S.C. § 1343.

## COUNT FOURTEEN

8.     The Grand Jury incorporates and realleges the allegations contained in paragraphs 2 through 6 above.

9.     On or about June 28, 2009, in the State and District of Colorado, defendant STEMMONS, in a matter within the jurisdiction of SSA, knowingly and willfully made materially false statements and representations in a Request for Termination of Supplementary Medical Insurance form used by SSA to determine

5

rights to payment under the SSA RIB program.  In particular, defendant STEMMONS falsely represented himself to be John R. Stemmons and falsely indicated that John R. Stemmons wished to terminate Part B Medicare coverage.

All in violation of 42 U.S.C. § 408(a)(3).

## COUNT FIFTEEN

10.    The Grand Jury incorporates and realleges the allegations contained in paragraphs 2 through 6 above.

11.    From in or around March 2006 to in or around March 2010, in the State and District of Colorado, defendant STEMMONS did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to the commission of felony wire fraud, 18 U.S.C. § 1343. In particular, defendant STEMMONS used John R. Stemmons' name and Social Security number without lawful authority during and in relation to the commission of felony wire fraud.

All in violation of 18 U.S.C. § 1028A(a)(1).

## NOTICE OF FORFEITURE

12.    As a result of violations of 18 U.S.C. § 1343 set forth in this indictment, defendant STEMMONS shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds of her entire scheme to defraud the United States of America, including a money judgment, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461.

6

13.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been comingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

A TRUE BILL.

_____

FOREPERSON OF THE GRAND JURY

JOHN F. WALSH
United States Attorney

7

By:   s/ Chad M. Troop
      CHAD M. TROOP
      Special Assistant United States Attorney
      United States Attorney's Office
      1225 Seventeenth Street, Suite 700
      Denver, Colorado 80202
      Telephone: (303) 454-0327
      Fax: (303) 454-0403
      E-mail: chad.troop@usdoj.gov
      Attorney for the Government

8